IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN M. GATTI, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  07-1178 |
| | ) |
| WESTERN PENNSYLVANIA TEAMSTERS & | ) |
| EMPLOYERS WELFARE FUND, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

This action asserting claims for breach of contract and declaratory judgment was filed originally in the Court of Common Pleas of Allegheny County.  On August 28, 2007, Defendant filed a Notice of Removal to this Court on the grounds that the Complaint states claims subject to preemption under ERISA section 502(a).  Plaintiff now moves to remand the case to state court, arguing that the Complaint asserts only state law claims, or alternatively, that he is entitled by contract and federal law to the forum of his choice.  Plaintiff also seeks attorneys' fees in connection with this Motion.  For the reasons set forth below, I deny Plaintiff's Motion in its entirety.

### A.  LEGAL STANDARD

"It is well settled that a civil action filed in state court may be removed if the district court would have had 'original jurisdiction founded on a claim or right

1

arising under the Constitution, treaties or laws of the United States.'" Knochel v. HealthAssurance PA, Inc., 2006 WL 3040847, at *2 (W.D. Pa. Oct. 22, 2006) (quoting 28 U.S.C. § 1441). "Under the 'well-pleaded complaint rule,' removal is generally proper only if a federal question is presented on the face of the plaintiff's complaint." Sopak v. Highmark, Inc., 2002 WL 1271366, at *3 (W.D. Pa. Feb. 19, 2002). The removing party bears the burden of proving subject matter jurisdiction. Wirth v. Aetna U.S. Healthcare, 2004 WL 253525, at *1 (E.D. Pa. Feb. 10, 2004), aff'd, 137 Fed.Appx. 455 (3d Cir. 2005).

"However, the complete preemption doctrine is an exception to the well-pleaded complaint rule." Id. "This is so because when [a] federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Aetna Health Inc. V. Davila, 542 U.S. 200, 207-08 (2004). "ERISA is one of these statutes." Id. at 208. "Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) are removable to federal court." Id. at 209; see also, Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir.) ("Certain federal laws. . ., including ERISA, so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the complaint, is in essence a federal claim. In such cases, the doctrine of complete preemption provides federal jurisdiction and allows removal to federal court."), cert. denied, 546 U.S. 1054 (2005); Sopak, 2002 WL 1271366, at *3 ("Complete preemption creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint.")

## B. ALLEGATIONS OF THE COMPLAINT

Defendant Western Pennsylvania Teamsters & Employers Welfare Fund (the "Fund") provides for the payment of health and welfare benefits to eligible members of participating companies signatory to collective bargaining agreements entered into with local unions. The Fund is subject to the provisions of ERISA. At all relevant times, Plaintiff was an eligible participant under the Fund's Benefit Program Plan A (the "Plan"), a copy of which is annexed to the Complaint as Exhibit A.

Plaintiff was injured in a motor vehicle collision on May 15, 2007. As a result of the injuries he sustained, Plaintiff was unable to work for a period of nine weeks from May 15 through July 16, 2007. Plaintiff sought non-occupational accident benefits under the terms of the Plan in the amount of $200 per week for the nine-week period. While Plaintiff submitted all the necessary documentation of his eligibility, he refused to execute a Subrogation Acknowledgment form. On this basis, the Fund refused to pay the requested benefits.

In a section entitled "General Information, Rights and Protections Under ERISA," the Plan states that "[i]f you are improperly denied a benefit in full or in part, you have a right to file suit in a federal or a state court." (Complaint, Ex. A at 12.) In accordance with this provision, which Plaintiff refers to as a forum selection clause, Plaintiff brought suit in the Court of Common Pleas for Allegheny County.

Plaintiff's claim for breach of contract alleges that the Plan only provides for subrogation of medical benefits, not accident benefits, or at best is ambiguous on the issue. In the alternative, Plaintiff claims that the anti-subrogation provision of

§1720 of the MVFRL bars application of contractual subrogation provisions to sick and accident benefits if Defendant is a self-funded ERISA plan. Plaintiff seeks to recover the denied benefits, amounting to $1800, as well as attorneys fees. Plaintiff also asserts a claim for declaratory judgment that the Plan does not provide Defendant with a contractual right of subrogation for accident benefits paid.

### C. THE MOTION TO REMAND

Plaintiff's Motion to Remand is premised on three bases: (1) that the claims are ordinary state law claims that do not fall within the scope of ERISA section 502(a); (2) that the Plan contains a forum selection clause expressly providing for suit in state court; and (3) that ERISA itself, in section 502(e), provides for suit in state court. Plaintiff is wrong on all counts.

ERISA section 502(a) provides: "A civil action may be brought - (1) by a participant or beneficiary-. . .(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Aetna Health Inc., 542 U.S. at 209 (quoting 29 U.S.C. §1132(a)(1)(B)). "Likewise, Section 502(a)(1)(B) preempts a state law cause of action when interpretation of the terms of plaintiff's benefit plan forms an essential part of plaintiff's state law claims." Alloca v. Wachovia, 2005 WL 2972845, at *3 (D. N.J. Nov. 4, 2005). If Plaintiff's claims fall within the scope of section 502(a), they are completely preempted, and removal was proper. Levine, 402 F.3d at 162 ("Thus, if the claim is one that falls within section 502(a) of ERISA, removal to federal court is proper."); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 272 (3d Cir.

2001)(same); see also, Sopak, 2002 WL 1271366, at *4 ("if a claim falls within Section 502, it is completely preempted and may be properly removed to federal court where the substantive issues can be addressed").

It does not require a deep reading of the Complaint to determine that Plaintiff's claims fall squarely within the provisions of section 502(a). Plaintiff seeks to recover the $1800 in accident benefits that he alleges were wrongfully denied him under the terms of the Plan. He also seeks a declaratory judgment interpreting the Plan's terms with respect to subrogation for accident benefits. These allegations facially state a claim falling under the purview of section 502(a). Indeed, in cases one step more attenuated than this one, where plaintiffs actually repaid benefits to a plan in accordance with the plan's subrogation rights and then commenced actions to recover those amounts back from the plan, this Circuit has held that such actions assert claims 'to recover benefits due under terms of the plans and are completely preempted by section 502(a). See Levine, 402 F.3d at 163 (affirming denial of motion to remand action challenging an insurer's claimed right of subrogation from an insured's third party tort recovery); Wirth, 137 Fed. Appx. at 459 (affirming denial of motion to remand claims to recover monies paid pursuant to subrogation clause); Carducci v. Aetna U.S. Healthcare, 204 F. Supp.2d 796 (D.N.J. 2002)(denying motion to remand state law unjust enrichment claim against health insurer to recover monies collected by it pursuant to subrogation liens from subrogation clauses in ERISA plan). Accordingly, Plaintiff's claims are preempted by ERISA and removal to this Court was proper.

Plaintiff's reliance on the what he terms a "forum selection clause" is unavailing.  As Defendant correctly points out, the language that the participant or beneficiary has "a right to file suit in a federal or a state court" is not a freely-negotiated forum selection clause, but rather is a required disclosure under ERISA, as codified in 29 C.F.R. § 2520.102-3.  Under these circumstances, courts have held that a defendant plan which includes the mandated language has not waived its right to remove to federal court an action arising under section 502(a).  See, e.g., Cruthis v. Metropolitan Life Ins. Co., 356 F.3d 816, 819 (7th Cir. 2004) (reversing decision of district court denying remand); Payne v. Hartford Life and Acc. Ins. Co., 2007 WL 2262942, at *2 (W.D. La. Aug. 3, 2007) (language is "a disclosure of applicable law and not a substantive contract provision, and this cannot be interpreted as a waiver of defendant's right to removal"); Yurcik v. Sheet metal Workers' Internat'l Ass'n, 889 F. Supp. 706, 707 (S.D.N.Y. 1995) (holding that provision in plaintiff's pension plan handbook stating that he could file in state or federal court did not bar right of removal).  As the Seventh Circuit explained in Cruthis

> If this Court interprets the phrase, "you may file suit in a state or federal court" as a waiver of the right to remove, it would result in the virtual elimination of removal in ERISA cases because every employer covered by ERISA is required to make such a disclosure. . . .[Plaintiff] was granted the right to file suit in either state or federal court, and she exercised this right.  This not inconsistent with [Defendant's] power to remove the case to federal court once it has been filed.

356 F.3d at 819.  Accordingly, the language relied upon by Plaintiff is not a forum selection clause and does not impact the Fund's right to remove the action to this

Court.

Finally, the language in ERISA section 502(e) does not mandate a remand to state court. Section 502(e), entitled "Jurisdiction," states that "(1) Except for actions under subsection [502](a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of the civil actions under this subchapter. . . .State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section." 29 U.S.C. §1132(e). This section provides for concurrent jurisdiction, and does not warrant remand of ERISA actions properly removed to federal court. See, e.g., Alloca, 2005 WL 2972845, at *4 ("Congress' grant of concurrent jurisdiction to state and federal courts to decide cases brought under ERISA is not grounds for remand"); Bartlett v. Pennsylvania Blue Shield, 2003 WL 21250587, at *2 (E.D. Pa. Mar. 31, 2005) ("It is well established that concurrent jurisdiction over ERISA claims under 29 U.S.C. § 1132(e) is not a basis for remand after a proper removal to federal court."); Weinstein v. Paul Revere Ins. Co., 15 F. Supp.2d 552, 559 (D. N.J. 1998) (denying motion to remand on grounds that "section 502(e) of ERISA grants concurrent jurisdiction without prohibiting removal").

Since the removal of the action to this Court was proper, and since I am denying Plaintiff's Motion to Remand, Plaintiff is not entitled to recover attorneys' fees.[1]

---

[1] Having denied the Motion, I do not reach the issue of whether Plaintiff would have been entitled to attorneys' fees if he had prevailed on his Motion.

## ORDER OF THE COURT

AND NOW, this **19th** day of October, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, Plaintiff's Motion for Remand and Counsel Fees [Docket No. 5] is DENIED in its entirety.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge